**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jordan M. Zim, State Bar No. 332757
JZim@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Plaintiff,
MICHAEL MOEBIUS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOEBIUS, individually,<br><br>Plaintiff,<br><br>v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware Corporation, and DOES 1 through 100,<br><br>Defendants. | Case No.: 2:22-cv-8259<br><br>**COMPLAINT FOR:**<br><br>1.  **COPYRIGHT INFRINGEMENT;**<br><br>2.  **CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff Michael Moebius ("Moebius"), by and through his undersigned counsel, respectfully brings this Complaint against Defendants Shein Distribution Corporation ("Shein") and DOES 1 through 100 (all defendants collectively referred to herein as "Defendants") and alleges:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, et seq.), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction because the Defendants engaged in substantial, continuous, and systematic activities within the state, including:

    a. registering and maintaining registration with the California Secretary of State to conduct business in California;

    b. operating fully interactive retail ecommerce websites and online storefronts that solicit, target, and engage in regular business in California and this District, deriving a substantial volume – in dollars and units – and percentage of its business and revenue from sales to California and this District;

    c. conducting regular business in California and this District as sophisticated sellers, using the highly interactive commercial website like https://us.shein.com/ as a conduit to engage in a substantial volume of transactions in California;

    d. advertising in and targeting residents in California, including the infringing goods; and

    e. selling and/or offering for sale the infringing products described in this Complaint through https://us.shein.com/, thereby placing the Infringing Products into the stream of commerce intending that the Infringing Products would be purchased by consumers

with access to the Internet, including California citizens residing in this judicial district.

3. The Court also has personal jurisdiction because Defendants engaged in multiple intentional acts of copyright infringement expressly aimed at California which have caused harm to Moebius. Such acts include but are not limited to:

    a. marketing, selling, and delivering a substantial amount of infringing products in the state of California and this District, thereby purposefully engaging businesses and consumers in California for its own commercial gain;

    b. using highly interactive commercial websites, like https://us.shein.com/, as a conduit to engage in a substantial volume of nationwide sales of the infringing designs, including in the state of California and this District, thereby placing Defendants in direct competition with Moebius in California; and

    c. knowing or being willfully blind to the fact that Moebius owns valid copyrights in the subject designs, and that Moebius would suffer lost sales and harm in this jurisdiction as a result of Defendants' willful and intentional infringing activities.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), and 1400(a) because Defendants conduct regular business in this District by advertising, selling, promoting, and shipping goods to this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. Plaintiff Moebius is an individual and resident of Germany. Moebius also provides services and goods under his own name.

6. Defendant Shein Distribution Corporation is a Delaware Corporation with its principal place of business at 757 South Alameda Street, Ste. 340, Los Angeles, California 90021. Shein is registered to do business in the state of

California and does business in the state of California. Shein has employees based in Los Angeles and offices in the City of Industry, California. Shein markets and sells products through its website located at https://us.shein.com/ to millions of customers in California and in this District. Specifically, at all relevant times, Shein has:

    a.    advertised its goods nationwide, including advertising clothing bearing the infringing designs and targeting California and this District;

    b.    owned and operated the fully interactive retail ecommerce website https://us.shein.com/ that solicits, engages in, and facilitates regular business on a nationwide scale, including specifically in California and this District, and including marketing and selling a substantial amount of clothing bearing the infringing designs; and

    c.    sold and/or offered for sale the infringing products described in this Complaint through https://us.shein.com/, thereby placing the Infringing Products into the stream of commerce intending that the Infringing Products would be purchased by consumers with access to the Internet, including California citizens residing in this judicial district.

7. Shein does not qualify for safe harbor under the Digital Millennium Copyright Act ("DMCA") because, as stated on its own website at https://us.shein.com/About-Us-a-117.html (last accessed October 27, 2022), it does not merely act as passive Internet Service Providers ("ISP") but it acts as the "global fashion and lifestyle e-retailer committed to making the beauty of fashion accessible to all" and "deliver[ing] a variety of affordable products to customers around the world . . . in more than 150 countries."

8. Defendants DOES 1 through 100, inclusive, are other parties not yet identified who have infringed Moebius's copyrights, have contributed to the

infringement of Moebius's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of DOES 1 through 100, inclusive, are presently unknown to Moebius, and therefore, are being sued by such fictitious names, and Moebius will seek leave to amend this Complaint to include their true names and capacities when they have been ascertained.

9. Moebius is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendants actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Moebius's rights and the damages to Moebius proximately caused thereby.

## FACTS COMMON TO ALL COUNTS

10. Moebius is an artist, designer, and creator of artistic works that are displayed on products sold online and displayed in fine-art galleries around the world.

11. Moebius is the designer and creator of the original artistic works as described herein, widely distributed online, and all prior to Defendants' conduct complained of herein (hereinafter "Moebius Designs").

12. Upon information and belief, Defendants purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed products bearing the designs which are identical, or substantially similar to, the Moebius Designs.

13. At various times Defendants owned and controlled online retail stores. Plaintiff's investigation revealed that clothing bearing the Moebius Designs was being offered for sale, clothing which was manufactured and/or imported under the direction of the Defendants, and each of them.

14. Upon information and belief, Shein is an online retailer, manufacturer, and/or distributor of a variety of consumer goods, and is in the business of

manufacturing, marketing, and selling consumer goods that are available for purchase and use across the United States, including in this District.

## COMMON ALLEGATIONS RELATED TO
## THE AUDREY HEPBURN BUBBLEGUM DESIGN

15. In 2013, Moebius created his original design entitled, "Audrey Hepburn Bubblegum" (the "Hepburn Bubblegum Design"), as pictured below:



16. Thereafter, Moebius registered the copyright in the Hepburn Bubblegum Design with the United States Copyright Office, and was granted such registration on January 16, 2014, under Registration No. VA 1-913-013.

17. At all relevant times, Moebius complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the Hepburn Bubblegum Design. Moebius's Hepburn Bubblegum Design is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

18. Since the creation of the Hepburn Bubblegum Design, Moebius has been and still is the sole proprietor of all rights, title, and interest in and to the copyright therein and Certificate of Registration corresponding therewith.

19. Since its creation, the Hepburn Bubblegum Design, has been used, reproduced, and/or distributed by Moebius or under his authority.

20. Moebius has not authorized Shein to copy, reproduce, manufacture, duplicate, disseminate, distribute or create derivative works of the Hepburn Bubblegum Design or any work substantially similar thereto.

21. Upon information and belief, Shein has engaged in the marketing, advertising, promotion, distribution, manufacturing, and/or sale of fabric and/or garments comprised of fabric bearing the Hepburn Bubblegum Design.

22. Upon information and belief, Shein purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar – if not striking similar – to the Hepburn Bubblegum Design at retail through its online store, including but not limited to on www.us.shein.com (the "Accused Hepburn Bubblegum Design").  Said garments include but are not limited to garments sold by Shein as "Audrey Hepburn & Marilyn Monroe Graphic Tee" with SKU: swtee00190329255.  All of the foregoing acts occurred without Moebius's consent.

23. The Accused Hepburn Bubblegum Design is located on at least the following URL:

  a. https://us.shein.com/Audrey-Hepburn-Marilyn-Monroe-Graphic-Tee-p-706819-cat-1738.html (last visited October 27, 2022).

# COMMON ALLEGATIONS RELATED TO
# THE MARILYN MONROE BUBBLEGUM DESIGN

24. In 2012, Moebius created his original design entitled, "Marilyn Monroe Bubblegum" (the "Monroe Bubblegum Design"), as pictured below:



25. Thereafter, Moebius registered the copyright in the Monroe Bubblegum Design with the United States Copyright Office, and was granted such registration on January 16, 2014, under Registration No. VA 1-907-123.

26. At all relevant times, Moebius complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the Monroe Bubblegum Design. Moebius's Monroe Bubblegum Design is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

27. Since the creation of the Monroe Bubblegum Design, Moebius has been and still is the sole proprietor of all rights, title, and interest in and to the copyright therein and Certificate of Registration corresponding therewith.

28. Since its creation, the Monroe Bubblegum Design, has been used, reproduced, and/or distributed by Moebius or under his authority.

29. Moebius has not authorized Shein to copy, reproduce, manufacture, duplicate, disseminate, distribute or create derivative works of the Monroe

Bubblegum Design or any work substantially similar thereto.

30. Upon information and belief, Shein has engaged in the marketing, advertising, promotion, distribution, manufacturing, and/or sale of fabric and/or garments comprised of fabric bearing the Monroe Bubblegum Design.

31. Upon information and belief, Shein purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar – if not striking similar – to the Monroe Bubblegum Design at retail through its online store, including on www.us.shein.com (the "Accused Monroe Bubblegum Design"). Said garments include but are not limited to garments sold by Shein as "Audrey Hepburn & Marilyn Monroe Graphic Tee" with SKU: swtee00190329255. All of the foregoing acts occurred without Moebius's consent.

32. The Accused Monroe Bubblegum Design is located on at least the following URL:

    a. https://us.shein.com/Audrey-Hepburn-Marilyn-Monroe-Graphic-Tee-p-706819-cat-1738.html (last visited October 27, 2022).

33. For the Court's convenience, the following table sets forth Plaintiff's copyrighted designs at issue (collectively the "Moebius Designs") and the currently known infringers' identities and infringing products:

| Moebius Copyrighted Designs | Defendants' Infringing Products |
|---|---|
| <u>Hepburn Bubblegum Design</u><br>Registration No. VA 1-913-013<br><br> | **Shein**<br><br> |

| Moebius Copyrighted Designs | Defendants' Infringing Products |
|---|---|
| <u>Monroe Bubblegum Design</u><br>Registration No. VA 1-907-123<br><br> | **Shein**<br><br> |

# FIRST CAUSE OF ACTION

(Copyright Infringement Against All Defendants)

34. Moebius hereby realleges and incorporates the allegations in paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Shein's acts constitute infringement of Moebius's copyrights in the Moebius Designs in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

36. Moebius is informed and believes that Shein's manufacture, distribution, duplication and/or sale of fabric and/or garments comprised of fabric bearing the Moebius Designs was willful and intentional and without regard to Moebius's proprietary rights.

37. Shein's copyright infringement has caused, and will continue to cause Moebius to suffer substantial injuries, loss, and damage to his proprietary and exclusive rights to the copyrights in the Moebius Designs and further, has damaged Moebius's business reputation and goodwill, diverted his trade, and caused loss of profits, all in an amount not yet determined. In addition, Moebius is entitled to receive the profits made by Shein from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Moebius is entitled to recover statutory damages, on election by Moebius, in an amount of up to $150,000 per copyright registration.

38. Shein's copyright infringement and the threat of continuing infringement has caused, and will continue to cause, Moebius repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Mobius adequate relief at law for Shein's acts and continuing acts. Moebius's remedy at law is not adequate to compensate him for the injuries already inflicted and further threatened by Shein. Therefore, Moebius is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the fabric, and/or garments comprised of fabric bearing the Moebius Designs, and electronic files by which such infringing copies were produced, be seized, impounded, and destroyed.

39. Moebius is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(Contributory and/or Vicarious Copyright Infringement Against All Defendants)

40. Moebius hereby realleges and incorporates the allegations in paragraphs 1-39 of this Complaint as if fully set forth herein.

41. Moebius is informed and believes, and thereon alleges, that Shein knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sale of products bearing the Moebius Designs as alleged in this Complaint.

42. Moebius is informed and believes, and thereon alleges, that Shein is vicariously liable for the copyright infringement of the Moebius Designs as alleged in this Complaint because it had the right and the ability to supervise such infringement and because it had a direct financial interest in the infringing conduct.

43. By virtue of Shein's contributory and/or vicarious copyright infringement of the Moebius Designs, Moebius has suffered substantial damages to his business in an amount to be established at trial.

44. By virtue of Shein's contributory and/or vicarious copyright infringement of the Moebius Designs, Moebius has suffered general and special damages in an amount to be established at trial.

45. By virtue of Shein's contributory and/or vicarious copyright infringement of the Moebius Designs, Shein has obtained direct and indirect profits that it would not have realized but for its infringement of the Moebius Designs. As such, Moebius is entitled to disgorgement of Shein's profits that are directly and indirectly attributable to its acts of infringement in an amount to be established at trial.

46. Moebius is informed and believes, and thereon alleges, that Shein has continued to import, manufacture, cause to be manufactured, and/or sell products

MARTORELL LAW APC
Litigation & Trial Counsel

bearing the Moebius Designs with knowledge that such acts violated Moebius's intellectual property rights. Therefore, Shein's acts of copyright infringement as alleged above, were and continue to be, willful, intentional, malicious, subjecting Shein to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per each act of infringement. Further, Shein willfully and intentionally infringed the Moebius Designs, which renders Shein liable for statutory damages as described above. Within the time permitted by law, Moebius will elect between actual or statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Moebius prays for judgment against Defendants as follows:

A. That the Court enter a judgment against Defendants that they have infringed the rights of Moebius in Moebius's federally registered copyrights under 17 U.S.C. § 501.

B. That the Court issue a Preliminary Injunction enjoying and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants from:

    1. Manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any products that are in the possession of Defendants that are substantially similar to the Moebius Designs;

    2. Destroying any documents, electronic files, garments, fabric, prints, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of the Moebius Designs; and

    3. Engaging in any other activity constituting an infringement of the

Moebius Designs.

C. That Moebius be awarded damages for Defendants' copyright infringement including either: (1) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of the Moebius Designs; or (2) statutory damages in an amount provided by law, as set forth in 17 U.S.C. § 504, at Moebius's election before the entry of final judgment, together with prejudgment and post-judgment interest.

D. That the Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Moebius Designs or any other designs that infringe Moebius's copyrights.

E. That the Court award Moebius his reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

F. That the Court award Moebius his costs of suit incurred herein.

G. That Moebius be awarded with such other relief as may be appropriate.

Dated: November 11, 2022

Respectfully submitted,

**MARTORELL LAW APC**

By: _____
Eduardo Martorell
Jordan M. Zim
*Attorneys for Plaintiff,*
MICHAEL MOEBIUS

## DEMAND FOR JURY TRIAL

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated: November 11, 2022                    Respectfully submitted,

                                              **MARTORELL LAW APC**

By: _____
Eduardo Martorell
Jordan M. Zim
*Attorneys for Plaintiff,*
*MICHAEL MOEBIUS*